UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAUL LIETZ,<br><br>      Plaintiff,<br>v.<br><br>DEPARTMENT OF VETERANS AFFAIRS; and BOISE VA MEDICAL CENTER, and/or its officers or employees,<br><br>      Defendants. | Case No. 1:22-cv-00327-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.  INTRODUCTION

Plaintiff, Paul Lietz, filed this action pro se against the Department of Veterans Affairs (Department), the Boise VA Medical Center (Medical Center), and "its officers and employees" (collectively Defendants). Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. 14); Lietz's Motion to Strike Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. 23); and Lietz's Motion for Court to Approve Plaintiff's Overlength Response to Defendants' Motion to Dismiss (Dkt. 30). Under Idaho Local District Rule 7.1(d)(1)(B), the Court finds oral argument is not necessary to resolve these matters. *See also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons discussed below, the Court denies Lietz's motion to strike Defendant's motion to dismiss, grants Lietz's motion for overlength brief, and grants in part and denies in part Defendants' motion to dismiss.

## II.  BACKGROUND

### A.  Orders of Behavioral Restrictions

Paul Lietz is a disabled veteran who receives medical treatment at the Medical Center. (Dkt. 1, ¶¶ 8, 10). Since 2015, the Medical Center has issued four orders of behavioral restrictions (OBRs) against Lietz pursuant to 38 C.F.R. § 17.107. This regulation provides the procedure by which the Medical Center may respond to a patient's disruptive behavior.

The Medical Center issued the first OBR in May 2015 (May 2015 OBR) because Lietz "demonstrated disruptive and threatening behavior towards a [Medical Center] staff member." (Dkt. 1-2 at p. 2). The OBR prohibited Lietz from entering the Medical Center unless he made an appointment or had an emergency, required the police to escort him while he was on the premises, and stated the OBR was effective for a period of at least one year. (*Id.* at pp. 2-3). The Medical Center clarified in June that the May 2015 OBR related to an incident "over the phone." (Dkt. 1-3 at p. 2).

In June 2017, the Medical Center issued a second OBR (June 2017 OBR) "[d]ue to [Lietz's] abusive language and aggressive behaviors" demonstrated "during more than one conversation/correspondence" with the Medical Center staff "at more than one location." (Dkt. 1-5 at p. 2). This OBR expressed a concern about "potential violence" towards the staff. It imposed the same restriction as the May 2015 OBR and further provided Lietz could no longer receive care at an outpatient clinic, but rather, must receive care at the Medical Center. (*Id*. at p. 2). The June 2017 OBR stated it was effective for a period of at least one year.

In May 2022, the Medical Center issued a third OBR (May 2022 OBR) due to Lietz's "behaviors" towards the Medical Center staff and his "potential for future disruptions in the healthcare setting." (Dkt. 1-7 at p. 2). In addition to the restrictions stated in the June 2017 OBR, the May 2022 OBR stated the Medical Center would provide Lietz's care "via telehealth as much as possible." (*Id.* at p. 3). Further, it stated it would be effective for a period of at least two years. (*Id.*).

Approximately one month later in June 2022, the Medical Center issued a fourth OBR. (Dkt. 1-9). Like the May 2022 OBR, the June 2022 OBR was due to Lietz's "behaviors" towards the Medical Center staff and his "potential for future disruptions in the healthcare setting." (Dkt. 1-9 at p. 2). This OBR, however, included an additional restriction that Lietz could no longer pick up his medication at the Medical Center but rather would receive it by mail. (*Id.* at p. 3).

**MEMORANDUM DECISION AND ORDER - 2**

B.  **Procedural History**

This lawsuit is Lietz's second lawsuit challenging the Medical Center's issuance of OBRs. Previously, Lietz filed a *Bivens*[1] action against numerous individuals, asserting claims regarding the May 2015 and June 2017 OBRs. *Lietz v. Wilkie, et al.*, No. 1:18-cv-00554-EJL, 2019 WL 2565671 (June 19, 2019) *aff'd by Lietz v. Wilpher*, No. 19-35593, 2022 WL 1955742, at *1 (9th Cir. June 6, 2022) ("*Lietz I*"). In *Lietz I*, Lietz alleged the May 2015 and June 2017 OBRs caused him to be "unlawfully seized and deprived of his rights to free speech, medical privacy, and due process of law in violation of the First, Fifth, and Ninth Amendments to the United States Constitution." *Id.* at *2. Further, he alleged the *Lietz I* defendants violated 38 C.F.R. § 17.107. *Lietz I* at *2.

The *Lietz I* defendants moved to dismiss Lietz's complaint. Addressing the motion, the district court ruled Lietz's claims fell within the scope of the VA Immunity Act, 38 U.S.C. § 7316. *Lietz I* at *5. As a result, the Court declined to recognize a *Bivens* cause of action for Lietz's grievances and concluded the Court lacked subject matter jurisdiction over Lietz's claims. *Id.*

In this second case, Lietz again challenges the May 2015 and June 2017 OBRs and now also the May 2022 and June 2022 OBRs. In Counts One through Eight, Lietz alleges the Medical Center's OBRs violated 38 C.F.R. § 17.107 in various manners. (Dkt. 1 at ¶¶ 126-200). Count Nine alleges the term "disruptive behavior" in § 17.107 is "unconstitutionally vague and overly broad," and Count Ten alleges § 17.107 "failed to afford any judicial review." (Dkt. 1 at ¶¶ 203, 205-209).

As relief in this case, Lietz makes forty-nine requests that the Court "declare" Defendants failed to comply with, violated, or otherwise "unlawfully implemented" § 17.107 in issuing the four OBRs. Lietz also requests monetary damages for "public humiliation," embarrassment, harassment, and emotional distress and for punitive damages in the amount of $25,000,000. (Dkt. 1 prayer for relief at ¶¶ 53, 55). Defendants have moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) for lack of jurisdiction and 12(b)(6) for failure to state a claim.

---

[1]  *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

## III.  LEGAL STANDARD

### A.  Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides a party can move to dismiss a complaint if subject matter jurisdiction does not exist.  A district court lacks subject matter jurisdiction when a cause of action is moot because there is no "actual or live controversy."  *See, e.g.*, *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999).  A district court also lacks subject matter jurisdiction over certain tort claims when the plaintiff has not exhausted his administrative remedies.  *See* 28 U.S.C. § 2675.

A Rule 12(b)(1) motion can present either a facial or factual attack on jurisdiction.  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  In a facial attack, the challenger asserts the allegations contained in a complaint are insufficient on their face to invoke jurisdiction.  *Id*.  When deciding a facial attack, the court assumes the plaintiff's allegations are true.  *Id*.  Conversely, in a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id*.  Importantly, when deciding a factual attack, "[the court] need not presume the truthfulness of the plaintiff's allegations."  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  Finally, no matter which kind of Rule 12(b)(1) motion is presented, the party asserting jurisdiction bears the burden of proof.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

In this case, Defendants assert that they are factually attacking the allegations in Lietz's complaint and that Lietz "bears the burden of establishing by affidavit or otherwise that subject matter jurisdiction does in fact exist." (Dkt. 14-1 at p. 7).  Defendants, however, filed their motion to dismiss before answering the complaint or otherwise presenting any competing facts.  The motion, therefore, is not a factual attack but rather a facial attack.  *See, e.g.*, *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358-59 (3d Cir. 2014) (ruling moving party must present competing facts to support factual attack).  Accordingly, the Court applies the standard for a facial attack and assumes the complaint's allegations are true.  *Wolfe*, 392 F.3d at 362.

### B.  Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides a party can move to dismiss a complaint due to a plaintiff's "failure to state a claim upon which relief may be granted."  A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint on the basis that, even if the plaintiff's factual

statements were true, the defendant is not liable. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addressing a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The burden of proof regarding a Rule 12(b)(6) motion rests on the movant. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005); *see also Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006) (holding district court erroneously placed burden on plaintiffs).

C.  **Rule 12(f)**

Federal Rule of Civil Procedure 12(f) provides a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either when a party so requests or sua sponte. "Under the express language of the rule, only pleadings are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The pleadings allowed in a civil suit are listed in Federal Rule of Civil Procedure 7(a); the rule does not identify a motion as a pleading. *See Marcello v. Me.*, 489 F. Supp. 2d 82, 85 (D. Me. 2007) ("Rule 7 distinguishes between 'pleadings' and 'motions.'"). Further, the Ninth Circuit has ruled "[a] motion to dismiss is not a pleading." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012).

D.  **Construing Pro se Pleading**

In evaluating a motion challenging a pro se plaintiff's pleadings, the district court liberally construes a pro se plaintiff's pleadings. *See, e.g.*, *United States v. Qazi*, 975 F.3d 989, 992-93 (9th Cir. 2020) (ruling courts apply less stringent standard to pro se plaintiff's inartful filings than to lawyers' formal pleadings). A pro se plaintiff's complaint need not be as specific as a complaint filed by counsel. *See id.* at 993. Liberal construction, however, should only be afforded to "a plaintiff's factual allegations," *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

If the district court grants a defendant's motion to dismiss, a presumption exists in favor of dismissal without prejudice so the plaintiff can rectify his complaint. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also In re Morris*, 363 F.3d 891, 894 (9th

Cir. 2004) (cases should be decided on merits not on technicalities). If the complaint cannot be cured by including other factual allegations, however, the court should dismiss the suit with prejudice. *Knappenberger v. City of Phoenix*, 566 F.3d 939, 942 (9th Cir. 2009).

## IV. DISCUSSION

A. Defendants' Rule 12(b) Motion to Dismiss

    1.        **Mootness of May 2015, June 2017, and May 2022 OBRs**

Defendants argue the Court lacks subject matter jurisdiction over the OBRs issued in May 2015, June 2017, and May 2022 because those OBRs are no longer in effect and, thus, moot. (Dkt. 14-1 at p. 8). Lietz disagrees, explaining "none of the OBRs contain any language that would indicate they have superseded one after another." (Dkt. 24 at p. 7).

Constitutional mootness is a jurisdictional issue requiring the Court to determine whether a case or controversy exists under Article III of the Constitution. *Maldonado v. Lynch*, 786 F.3d 1155, 1160 (9th Cir. 2015). A case must present a live controversy to avoid dismissal for mootness. *Id.* "The party asserting mootness bears the burden of establishing that there is no effective relief that the court can provide." *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006). "[A] case is not moot where any effective relief may be granted." *Id.*

To the extent Lietz's claims for relief assert the May 2015, June 2017, and May 2022 OBRs are invalid or failed to comply with 38 C.F.R. § 17.107, the Court concludes those claims are moot. Lietz admits the Medical Center "issue[d] a removal" of the May 2015 OBR in July 2016. Further, any reading of the OBRs as cumulative and applying despite the issuance of a subsequent OBR containing more restrictions is nonsensical. The logical reading of the OBRs is that the June 2017 OBR—to the extent it remained effective in May 2022—was superseded by the May 2022 OBR. Likewise, the June 2022 OBR superseded the May 2022 OBR. Accordingly, the May 2015, June 2017, and May 2022 OBRs are no longer effective against Lietz; the Court cannot grant any relief to invalidate or otherwise declare those OBRS unlawful; and thus any claim seeking such relief related to the May 2015, June 2017, and May 2022 OBRs is moot. *Cf. Johnson v. United States*, No. C-13-2405 EMC, 2013 WL 6502818, at *8 (N. D. Cal. 2013) (concluding veteran's medical center's "ban" of veteran from entering center moot because it was "no longer in place").

      **2.**      **Failure to Exhaust Administrative Remedies Under FTCA**

The Court also lacks subject matter jurisdiction over Lietz's claims related to all of the OBRs to the extent Lietz seeks any monetary damages. For example, Lietz seeks $25,000 in monetary damages for the public humiliation, embarrassment, harassment, and emotional distress. (Dkt. 1 at prayer for relief ¶ 53). Lietz's allegations—when construed liberally in his favor as the Court must—resemble claims for damages for personal injury torts. *See, e.g., Sheehan v. United States*, 896 F.2d 1168, 1169 (9th Cir. 1990) (ruling plaintiff may sue government for intentional infliction of emotional distress).

To recover damages for any personal injury an OBR allegedly caused, Lietz was required to comply with the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346. The Veterans Affairs (VA) Immunity Statute, 38 U.S.C. § 7316, establishes the FTCA provides the exclusive remedy for damages for personal injury arising from the negligence of a VA health care employee furnishing health care or treatment, including the issuance and enforcement of OBRs.[2] The district court's resolution of Lietz's prior challenges to the May 2015 and June 2017 OBRs in *Lietz I* supports this conclusion.

In *Lietz I*, the district court concluded Lietz's remedy for claims relating to an OBR was under the VA Immunity Statute. *Lietz I*, 2019 WL 2565671, at *4 (June 19, 2019). The court reasoned that:

> A claim relating to the issuance and the execution of an OBR is of the same subject matter as a claim arising from the malpractice or negligence of a VA

---

[2] In challenging Lietz's complaint, Defendants do not assert Lietz's exclusive remedy for his personal injury claims is under the FTCA or otherwise rely on the FTCA. Rather, Defendants argue the Veterans' Judicial Review Act, 38 U.S.C. § 511(a), bars Lietz's claims. (Dkt. 14-1 at p. 10). This Act bars a district court from hearing claims relating to the provisions of benefits to veterans. *Tunac v. United States*, 897 F.3d 1197, 1201 (9th Cir. 2018). Specifically, § 511(a) provides that "the Secretary shall decide all questions of law and fact necessary to a decision [affecting] the provision of benefits" and that the decision of the Secretary shall not be reviewed "by any court, whether by an action in the nature of mandamus or otherwise." Despite "the expansive scope of § 511's preclusion of judicial review," the Ninth Circuit has ruled that the district courts retain jurisdiction under the FTCA over certain claims. *Tunac*, 897 F.3d at 1203-04. Accordingly, § 511 does not bar Lietz's claims in this action. Defendants also assert 38 U.S.C. §§ 901(a)(1) and 7261(a)(1) are applicable to this case but provide no supporting analysis as to how those provisions bar Lietz's claims.

> employee furnishing health care or treatment. While the OBR does not deprive or limit the substantive medical benefits to which the patient is entitled, it does affect the time, place, and/or manner of the provision of a patient's medical care.
> . . . .
> Here Lietz's claims fall within the scope of the VA Immunity Statute because when the VA employees issued and enforced the OBRs, they were supporting medical personnel in furnishing medical care and treatment at the Boise VA Medical Center. In issuing the OBRs, VA employees assessed Lietz's behavior, conduct, and temper and determined it was appropriate to require a police escort for Lietz when he visited the medical center to receive medical examinations, treatment, and care. The OBRs were to protect the safety and health of other patients and VA medical staff.

*Id.*

Pursuant to *Lietz I*, Lietz's claims in this case alleging monetary damages for personal injuries related to the OBRs likewise fall under the purview of the VA Immunity Statute, which requires Lietz to pursue such claims under the FTCA. Before bringing an FTCA claim, however, a claimant must first present a tort claim to the appropriate agency and obtain a final denial of that claim. 28 U.S.C. § 2675(a); *see also* 28 U.S.C. § 2401(b) (requiring filing of tort claim). A party cannot sue the Government under the FTCA for personal injuries an agency caused unless he first presents the FTCA claim to that agency. 28 U.S.C. § 2401(b) If the agency denies the claim, then the party may sue the Government. *Id*. In other words, an FTCA claim may not be brought until the plaintiff has exhausted all administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993). "This requirement [of presenting a tort claim] is jurisdictional and may not be waived." *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985). The FTCA also bars recovery for punitive damages. 28 U.S.C. § 2674 (providing Government shall not be liable for punitive damages).

In this case, Lietz never presented a tort claim to the VA, or at least he has not alleged he did so. Accordingly, Lietz failed to exhaust his administrative remedies under the FTCA,[3] and

---

[3] The Court's conclusion that Lietz failed to exhaust his administrative remedies under the FTCA is distinct from Defendants' argument that Lietz failed to exhaust his administrative remedies. The Government suggests Lietz failed to appeal the June 2022 OBR and argues "it is unclear if Lietz properly exhausted his administrative remedies before initiating this litigation." (Continued)

thus this Court lacks subject matter jurisdiction over Lietz's claims challenging the OBRs and sounding in personal injury. The Court also lacks jurisdiction over Lietz's claim for punitive damages because the FTCA bars recovery of such damages. 28 U.S.C. § 2675 (providing Government shall not be liable for punitive damages).

### 3. Declaratory Judgment

Although the Court lacks subject matter jurisdiction over Lietz's claims regarding the moot OBRs or seeking monetary damages against Defendants for alleged personal injuries, the Court must liberally construe his remaining allegations to determine whether he states any viable claims for relief. Liberally construing Lietz's remaining allegations, he appears to seek a declaratory judgment. Lietz does not cite the Declaratory Judgment Act (DJA), 28 U.S.C. § 2201, but nevertheless, his complaint requests that the Court make forty-nine declarations. (Dkt. 1 at prayer for relief ¶¶ 1-49). Defendants appear to acknowledge Lietz's requests as ones for declaratory relief. (*See* Dkt. 14-1 at p. 3 (requesting court strike "numerous requests for declaratory relief [relating to] 2015 and 2017 OBRs")).

The DJA provides that "in a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may declare the rights and other legal relations* of any interested party seeking such a declaration." 28 U.S.C. § 2201 (emphasis added). The purpose of a declaratory judgment "is to afford an added remedy to one who is uncertain of his rights and who desires an early adjudication thereof without having to wait until his adversary should decide to bring suit, and to act at his peril in the interim." *McGraw-Edison Co. v. Preformed Line Products Co.*, 362 F.2d 339, 342 (1966); *see also Seattle Audubon Soc. v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996) ("[T]he Act is intended to allow earlier access to federal courts in order to spare potential defendants from the threat of impending litigation."). The "value of the judicial pronouncement—what makes it a proper judicial resolution of a 'case or

---

(Dkt. 14-1 at p. 9). Lietz, however, alleges he appealed the June 2022 OBR and attaches a copy of that appeal to his complaint. (Dkt. 1 at ¶ 96; Dkt. 1-10). These allegations, which the Court must accept as true, are adequate at this stage of the litigation to conclude Lietz appealed the June 2022 OBR. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (ruling court required to accept allegations as true in addressing facial attack under Rule 12(b)(1)).

**MEMORANDUM DECISION AND ORDER - 9**

controversy' rather than an advisory opinion—is in the settling of some dispute which affects the behavior of the defendant towards the plaintiff." *Hewitt v. Helms*, 482 U.S. 755, 761 (1987).

Declaratory relief, however, is discretionary in nature. *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc) (citation omitted) ("The Act gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so."). The fact that a court can enter a declaratory judgment does not mean that it should. *See* 28 U.S.C. § 2201 (providing court "may" declare rights and other legal relations of any interested party seeking declaration). Further, "a declaratory judgment merely adjudicating past violations of federal law—as opposed to continuing or future violations of federal law—is not an appropriate exercise of federal jurisdiction." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 868 (9th Cir. 2017). To obtain a declaratory judgment, a plaintiff must show he continues to be adversely affected. *Id.* For this reason, declaratory relief may not be granted on a moot issue. *Id.*

Many of Lietz's requests for declaratory relief are improper. For example, many seek a declaration akin to a factual finding, a declaration the moot OBRs are invalid, or a declaration past conduct allegedly violated federal law or Lietz's constitutional rights. (*See, e.g.*, Dkt. 1 at prayer for relief ¶¶ 11, 20, 21, 26, 29, 38, 40, 41) (seeking declarations that Lietz was not "at the VA Medical Center"; Medical Center received Lietz's appeals and failed to forward them; and Medical Center's conduct violated Lietz's privacy rights, First Amendment rights, due process rights, and equal protection under the law). The Court cannot grant relief related to these types of requests because they do not seek a declaration of Lietz's rights or legal relations with the Medical Center. *See* 28 U.S.C. § 2201 (limiting declaration to "rights and other legal relations of any interested party").

Construing Lietz's allegations liberally, however, he alleges two viable claims for declaratory judgment. Those two claims are: (1) whether the June 2022 OBR is unenforceable against Lietz because it violates 38 C.F.R. § 17.107 or his constitutional rights; and (2) whether § 17.107's use of the phrase "disruptive behavior" is unconstitutionally vague, overly broad, and ambiguous. *Hill v. Colo.*, 530 U.S. 703, 732 (2000) (ruling regulation is impermissibly vague if fails to provide people of ordinary intelligence reasonable opportunity to understand prohibited conduct or encourages arbitrary and discriminatory enforcement); *United States v. Argont*, 773 F.3d 192, 198 (9th Cir. 2014) (rejecting unconstitutional vagueness challenge to VA regulation

because agency's disparate treatment of plaintiff was reasonable in light of plaintiff's behavior). Lietz may seek a declaratory judgment to resolve these two issues.

Based on the foregoing, the Court grants Defendants' motion to dismiss all Lietz's claims relating to the May 2015, June 2017, and May 2022 OBRs. Because these OBRs are moot, the Court lacks subject matter jurisdiction over all claims challenging them. Additionally, the Court dismisses all claims seeking damages for personal injury. The Court lacks subject matter jurisdiction over all such claims. They are subject to the FTCA, but Lietz did not exhaust his administrative remedies under the FTCA. Finally, the Court dismisses Lietz's Count Ten. That 38 C.F.R. § 17.107 "does not provide judicial review," as he alleges in Count Ten, does not establish a claim for relief.

The Court further rules all Lietz's remaining allegations fail to state viable claims for relief except in two instances. Lietz's allegations, liberally construed, assert a claim that: (1) the June 2022 is unenforceable because it violates 38 C.F.R. § 17.107 or his constitutional rights; and (2) § 17.107's use of the phrase "disruptive behavior" is unconstitutionally vague, overly broad, and ambiguous. Except for these two claims, the Court grants Defendants' motion to dismiss.

**B.     Lietz's Motions**

**1.     Rule 12(f) Motion to Strike Defendants' Motion**

Lietz makes various arguments that the Government's motion to dismiss should be stricken. (Dkt. 23, at 3-16). The Government responds its motion to dismiss is not a pleading subject to being stricken. The Court agrees that a motion to strike under Rule 12(f) relates only to pleadings; a motion to dismiss is not a pleading under Rule 7; and thus Defendants' Rule 12(b) motion to dismiss cannot be stricken under Rule 12(f). Accordingly, the Court denies Lietz's motion to strike the Defendants' motion to dismiss. *See Tahoe Reg'l Planning Agency*, 216 F.3d at 788 ("A motion to dismiss is not a pleading.").

**2.     Motion to Approve Overlength Briefing**

Idaho Local District Civil Rule 7.1(a)(2) provides that, without the Court's express leave, which will be granted only under unusual circumstances, a party's brief opposing a motion is limited to twenty pages in length. This rule promotes manageable filings for the Court as well as "adversarial equilibrium" for the parties. *W. Mortg. & Realty Co. v. KeyBank Nat'l Ass'n*, No. 1:13-cv-00216-EJL-REB, 2015 WL 13841443, at *2 (D. Idaho March 5, 2015). "[I]t is

incumbent upon [the party seeking to file an overlength brief] to proffer those [unusual] circumstances to the Court *before* actually filing any overlength briefing." *Murray v. City of Bonners Ferry & Joel Minor*, No. 2:15-cv-00081-REB, 2016 WL 3198232, *2 (D. Idaho June 8, 2016). Despite that Local Rule 7.1(a)(2) requires a party to first obtain permission before filing an overlength brief, courts have occasionally granted belated requests for overlength briefing. *See, e.g.*, *W. Mortg. & Realty Co.*, 2015 WL 13841443 at *2 (refusing to "undo the overlength filings").

Given the length of time Defendants' motion to dismiss has been pending,[4] the Court accepts Lietz's overlength brief. In the future, however, Lietz should be aware all parties—including pro se plaintiffs—are expected to follow the rules or risk having their filings stricken.

## V. ORDER

1. The Government's Motion to Dismiss Plaintiff's Complaint (Dkt. 14) is GRANTED IN PART and DENIED IN PART.

    a. The motion is GRANTED with respect to all claims concerning the OBRS issued in May 2015, June 2017, and May 2022. Those claims are DISMISSED WITH PREJUDICE.

    b. The motion is GRANTED with respect to Lietz's claim for punitive damages. That claim is DISMISSED WITH PREJUDICE.

    c. The motion is GRANTED with respect to Lietz's claims for monetary damages. Those claims are DISMISSED WITHOUT PREJUDICE.

    d. The motion is GRANTED with respect to Count Ten. That claim is DISMISSED WITH PREJUDICE.

    e. The motion is DENIED only with respect to Lietz's claims that: (1) the June 2022 OBR is unenforceable because it violates 38 C.F.R. § 17.107 or Lietz's constitutional rights; and (2) § 17.107's use of the phrase "disruptive behavior" is unconstitutionally vague, overly broad, and ambiguous.

---

[4] Defendants filed their motion to dismiss on January 3, 2023. (Dkt. 14). Several months later, on June 5, this case was reassigned to the undersigned judge.

2. Lietz's Motion to Strike Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. 23) is DENIED.

**MEMORANDUM DECISION AND ORDER - 13**

3. Lietz's Motion for Court to Approve Plaintiff's Overlength Response to Defendants' Motion to Dismiss (Dkt. 30) is GRANTED.

DATED: August 18, 2023

Amanda K. Brailsford
U.S. District Court Judge